UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:14-cv-182-EBA

BRADFORD TERRY SKAGGS,                                                           PLAINTIFF,

v.                                     **ORDER**

CAROLYN W. COLVIN, *Acting
Commissioner of Social Security*,                                                DEFENDANT.

## I. INTRODUCTION

Plaintiff Bradford Terry Skaggs brings this action under 42 U.S.C. § 405(g) to challenge the Defendant Commissioner's final decision denying his application for a period of disability and disability insurance benefits (DIB). This matter has been referred to the undersigned to conduct all further proceedings and order entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. [R. 11]. Now ripe for decision on the parties' cross-motions for summary judgment, and for the reasons set forth herein, it is ordered that Plaintiff's Motion for Summary Judgment [R. 17] be denied, Defendant's Motion for Summary Judgment [R. 18] be granted, and judgment be entered affirming the Commissioner's final decision.

## II. FACTUAL BACKGROUND & PROCEDURAL HISTORY

On November 29, 2011, Claimant Bradford Terry Skaggs filed a Title II application for a period of disability and Disability Insurance Benefits, alleging disability beginning on July 6, 2011. [R. 2-2 at 4]. The claim was initially denied on February 16, 2012, and was denied again upon reconsideration on July 17, 2012. [Id.]. On July 29, 2012, Claimant filed a written request for a hearing pursuant to 20 C.F.R. § 404.929 et seq., and subsequently appeared and testified at

1

a hearing held on July 23, 2013. [Id.]. At the hearing, Claimant was represented by attorney William G Arnett, and attorney Tina Frederick was also present at the hearing to represent Claimant. Dwight McMillion, an impartial vocational expert, also attended and testified at the hearing. Regarding the issue of whether Claimant qualified as disabled, the Administrative Law Judge ("ALJ") Michele M. Kelley concluded that Claimant was not under a disability within the meaning of Social Security Act §§ 216(i) and 223(d), from July 6, 2011, through the August 21, 2013 date of the ALJ's decision. [Id.].

The Court notes that ALJ Michele Kelley, who ultimately denied Claimant's disability claim, considered his claim in accordance with the five-step evaluation process per the Social Security Administration's regulations. See C.F.R. § 404.1520(a); Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 474 (6th Cir. 2003); [R. 2-2 at 4–8]. The ALJ first found Claimant met the insured status requirements of the Social Security Act through December 31, 2016. [R. 2-2 at 6]. At step one, the ALJ determined Claimant had not engaged in substantial gainful activity since July 6, 2011, the onset date of Claimant's alleged disability. [Id.]. At step two, the ALJ determined Claimant suffered from the severe impairments of "degenerative disc disease of the lumbar spine and soft tissue and degenerative joint disease of the right knee," but despite Claimant's depression and anxiety claims, the ALJ found no evidence of abnormal mental status on the record. [Id.] The ALJ determined that, while Claimant receives treatment for hypertension and hyperlipidemia, these impairments are not severe, but further determined Claimant's degenerative lumbar disc and right knee joint disease were severe. [Id. at 7]. At step three, the ALJ determined Claimant "[did] not have an impairment or combination of impairments" that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526). [Id.].

At the residual functional capacity ("RFC") determination stage prior to step four, the ALJ determined:

> [C]laimant has the residual functional capacity to perform a range of light work as defined in 20 C.F.R. § 404.1567(b) except he can only frequently climb ramps and stairs, stoop, kneel, crouch, and crawl; and only occasionally climb ladders, ropes, or scaffolds. He should avoid all exposure to hazards such as uneven surfaces, unprotected heights, and dangerous moving machinery.

[Id.]. In making this finding, the ALJ considered all symptoms reasonably accepted as consistent with the objective medical evidence and other evidence, in accordance with 20 C.F.R. § 404.1529 and SSRs 96-4p and 96-7p. Notably, the ALJ also determined that Claimant's credibility was "fair," where Claimant "allege[d] his ability to sit, stand, and walk are severely limited; yet, he and his father report[ed] the claimant still goes hunting . . . claimant's father also reported the claimant engages in more activity than the claimant admitted during the hearing . . . [i]t appears the claimant has exaggerated the extent of his pain and limitations to some degree." [Id. at 9].

Finally, at step five, the ALJ concluded that, "considering the claimant's age, education, work experience, and residual function capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform 20 C.F.R. § 404.1569 and 404.1569(a)." [R. 2-2 at 10]. To determine the extent of Claimant's limitations, the ALJ asked the vocational expert a series of hypothetical questions regarding whether jobs exist in the national economy for a hypothetical individual of Claimant's age, education and work experience. [Id.]. The vocational expert testified that, given all factors, Claimant "would be able to perform the requirements of other light and sedentary unskilled work." [Id.]. Specifically, the vocational expert determined Claimant could perform light-level jobs of "counter clerk" and "machine operator," and sedentary level jobs of "inspector" and "security monitor." [Id.]. After

consideration of the entire record, the ALJ found Claimant has the residual functional capacity to perform a range of light work as defined in 20 C.F.R. § 404.1567(b), "except that he can only frequently climb ladders, ropes, or scaffolds." [R. 12-4 at 39].

On August 21, 2013, after considering all evidence on the record, the ALJ determined "claimant has not been under a disability, as defined in the Social Security Act, from July 6, 2011, through the date of this decision (20 C.F.R. § 404.1520(g))," and ultimately determined Claimant was not disabled under §§ 216(i) and 223(d) of the Social Security Act. [Id.]. Following this adverse decision, Claimant properly exhausted his administrative remedies by appealing to the Social Security Appeals Council, [R. 2-1 at 1–6], and the Appeals Council denied the request for review on appeal and affirmed the ALJ's decision on November 4, 2014. [Id.]. On December 18, 2014, Plaintiff initiated the present action by filing his Complaint in the United States District Court for the Eastern District of Kentucky. [R. 2]. The matter is now before the undersigned on the parties' cross-motions for summary judgment. [Rs. 17 and 18].

### III.   STANDARD OF REVIEW

A reviewing court must uphold the findings of the ALJ if they are supported by substantial evidence, and if correct legal standards were applied. See 42 U.S.C. § 405(g); Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981); Richardson v. Perales, 402 U.S. 389, 390, 401 (1971). The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005) (internal citations omitted); Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) (internal citations and quotation marks omitted).

A reviewing court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Ulman v. Comm'r of Soc. Sec., 693 F.3d 709, 713 (6th Cir. 2012). The responsibility for determining a claimant's residual functional capacity is reserved to the Commissioner. See 20 C.F.R. §§ 404.1527(d)(2), 404.1545. In making this determination, the ALJ is required to resolve any conflicts within the evidence and incorporate only those limitations that she finds credible in the residual functional capacity assessment. See Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1234–35 (6th Cir. 1993).

The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision, "even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth v. Comm'r Soc. Sec. Admin., 402 F.3d 591, 595 (6th Cir. 2005) (internal citations and quotation marks omitted). Sixth Circuit precedent suggests that a finding of "no substantial evidence" would be appropriate in situations where the ALJ ignores uncontested, compelling evidence for one side, makes no express findings on witness credibility, and makes a ruling based on facts with "little if any evidentiary value." Noe v. Weinberger, 512 F.2d 588, 596 (6th Cir. 1975); see also, Glass v. Sec'y of Health, Educ. & Welfare, 517 F.2d 224 (6th Cir. 1975). Otherwise, if there is substantial evidence to support the ALJ's decision, "it must be affirmed even if the reviewing court would decide the matter differently." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994). Finally, any issues "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." See United States v. Elder, 90 F.3d 1110, 1118 (6th Cir. 1996), quoted in Kennedy v. Comm'r of Soc. Sec., 87 F. App'x 464, 466 (6th Cir. 2003) (unpublished).

IV.   ANALYSIS

Plaintiff presents two arguments on summary judgment: 1) whether the ALJ failed to adequately give a good reason for assigning little weight to treating physician Dr. Ira Potter, relative to the greater weight given to non-examining agency physician Dr. John Gedmark and to other non-treating physicians; and 2) whether the ALJ erred by giving greater weight to Dr. Gedmark although his opinion was not based upon substantial evidence nor based upon Plaintiff's complete file. [R. 17-1 at 10–13]. Each of Plaintiff's arguments are without merit, and the ALJ's final determination denying Plaintiff Bradford Terry Skaggs' disability shall be affirmed.

Plaintiff first argues that the ALJ was required to give Plaintiff's treating physician Dr. Potter more weight over non-treating physicians, adding Dr. Potter was the "only physician in the case that gave an opinion and who has a longitudinal picture of Mr. Skaggs' true impairments and disabilities." [R. 17-1 at 11]. Though acknowledging that the ALJ's decision explained Dr. Potter's "findings [were] inconsistent with the EMG studies," [Id. at 10], Plaintiff still contends the ALJ "failed to give adequate reasons for discounting the treating physician's RFC." [Id. at 11]. Yet the Court finds the ALJ properly considered the record as a whole in denying Plaintiff's disability; the record shows the ALJ weighed multiple expert opinions and conflicting evidence, made credibility determinations as to Plaintiff's testimony and the opinions of treating and non-treating physicians, and concluded that the record supported the vocational expert's finding that Plaintiff could perform a limited range of light work. [R. 12-4 at 38–40].

Essentially, Plaintiff asks the Court to now reconsider the ALJ's credibility determinations regarding treating physician Dr. Ira Potter, insisting that Dr. Potter's opinions deserved more weight over that of Dr. John Gedmark and other non-treating physicians.

However, while true that a treating physician's opinions are generally entitled to substantial deference, see, e.g., Shelman v. Heckler, 821 F.2d 316 (6th Cir. 1987), the ALJ may choose to give greater weight to non-treating physicians if "substantial evidence" exists on the record to support this decision. See, e.g., Cutlip, 25 F.3d 284. Accordingly, the Court's present review is limited only to whether the ALJ's findings, credibility and otherwise, were supported by "substantial evidence." See 42 U.S.C. § 405(g); Kirk, 667 F.2d at 535 (6th Cir. 1981).

Plaintiff asserts that the ALJ gave no good reason for "discounting" Dr. Potter's RFC. [R. 17-1 at 11]. However, the ALJ did not discount Dr. Potter's opinion entirely, but rather, reasonably weighed it against other opinions in light of the entire record. The ALJ adequately considered the opinions of Dr. Potter, Dr. Gedmark, Dr. Stauffer, Dr. Gruberman, and two workers' compensation physicians, all of whom provided at least some evidence to support the finding that Plaintiff could perform a limited light range of work. See, e.g., [R. 12-5 at 28–30]; [R. 13-1 at 20, 27, 87, 105; [R. 13-2 at 82–85]; [R. 13-3 at 62–66]. For example, Dr. Stauffer indicated Plaintiff could perform a range of light work not involving the repetitive use of his hands, [R. 13-1 at 20], the two workers' compensation doctors expressed Plaintiff had no work-related restrictions and could return to his previous work as a pipefitter, [Id. at 87, 105], and agency physician Dr. Gedmark opined Plaintiff could perform the equivalent of a range of light work involving frequent postural activities and occasionally climbing ladders, ropes, and scaffolds. [R. 12-1 at 28–30]. Even treating physician Dr. Potter previously indicated that Plaintiff could manage a "lighter form of work" once he recovered from his injury. [R. 13-1 at 27].

Further, the ALJ heard evidence regarding Plaintiff's physical tests conducted by two neurosurgeons which yielded largely normal results; following their determinations that surgery

was unnecessary and Plaintiff should instead seek epidural injections, Plaintiff deferred to follow their medical advice at that time. [R. 13-1 at 6]; [R. 13-2 at 53–54]. Such failures to seek treatment "may be a factor to be considered against the plaintiff." Hale v. Sec'y of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987). Lastly, regarding Plaintiff's own credibility, the ALJ determined the credibility of Plaintiff's complaints to only be "fair," finding he had exaggerated the extent of his pain and limitations to some degree. [R. 2-2 at 9]. Ultimately, the ALJ weighed Dr. Potter's opinion that "Plaintiff could lift up to 15 pounds and also had a limited ability to sit, stand, and walk," found this opinion was inconsistent with the minimal objective findings and evidence surrounding the recorded treatments, and opted to give his opinion little weight. [R. 12-4 at 41]. Because the Sixth Circuit makes clear that treating physician opinions are "only afforded great weight when they are supported by sufficient clinical findings and are *consistent with the evidence*," Cutlip, 25 F.3d at 287 (emphasis added), such a decision was reasonable since Dr. Potter's opinions proved inconsistent with other medical opinions.

The ALJ's findings of credibility are entitled to great deference. See Anthony v. Astrue, 266 F. App'x 451, 460 (6th Cir. 2008) (unpublished) (citing King v. Heckler, 742 F.2d 968, 974–75 (6th Cir. 1984)). Even if this Court would have reached a different conclusion regarding the credibility of Dr. Potter's opinions, finding "substantial evidence in the record . . . supported an opposite conclusion," the Court could not reverse the ALJ's decision on that basis. Longworth, 402 F.3d at 595 (6th Cir. 2005). Because the record is wrought with conflicting opinions regarding the extent of Plaintiff's physical limitations, the Court defers to the ALJ's findings. In short, the ALJ found Dr. Gedmark's opinion that Plaintiff could perform the equivalent of a range of light work consistent with the record, and consequently gave that opinion great weight.

8

[R. 12-4 at 41]. Where substantial evidence supports these findings, the Court shall not reevaluate the ALJ's credibility determinations. Plaintiff's claim that the ALJ lacked good reason for discounting Dr. Potter's opinions is meritless.

Secondly, Plaintiff argues that the ALJ erred by giving significant weight to the opinion of non-treating physician Dr. Gedmark, though his opinion was not based upon the complete record nor upon substantial evidence. [R. 17-1 at 12]. Plaintiff cites to the proposition in Jones v. Astrue, 808 F. Supp. 2d 993 (E.D. Ky. 2011), that the opinions of non-reviewing examiners who did not review the complete record could not be used to support the decision denying benefits. Id. at 998–99. However, while the District Court in Jones seems to suggest that, when an ALJ affords more weigh to a non-examining physician over an examining physician, only the most recent opinions are credible since they account for all preceding opinions, the Sixth Circuit has established that no such completeness rule or requirement exists. See SSR 96-6P, 1996 WL 374180, *3 (July 2, 1996). In Helm v. Comm'r of Soc. Sec. Admin., 405 F. App'x 997 (6th Cir. 2011), the Sixth Circuit stated that:

> [t]here is no categorical requirement that the non-treating source's opinion be based on a "complete" or "more detailed and comprehensive" case record. The opinions need only be "supported by evidence in the case record." Once the ALJ determined not to accord [the treating physician's] opinion "controlling weight," the ALJ was required only to provide "good reasons" for giving greater weight to the opinions of agency sources.

Id. at 1002 (addressing SSR 96-6P) (internal citations omitted); see also Fry v. Comm'r Soc. Sec. Admin, 476 F. App'x 73, 75 (6th Cir. 2012) ("According to [plaintiff], [the non-examiner's] opinion was inadequate because it was based on a review of the record before she began treatment with [her treating physician]. However, the ALJ properly considered [the non-examiner's] report as opinion evidence.") (citing 20 C.F.R. § 404.1527)). As the Sixth Circuit

9

rule stands, when an ALJ decides not to afford a treating physician controlling weight, the ALJ need only provide good reasons for assigning greater weight to the non-examiner(s). <u>Helm</u>, 405 F. App'x at 1002. As discussed in detail above, the ALJ provided sufficiently good reasons for doing precisely that.

Despite Plaintiff's reliance on <u>Jones</u>, [R. 17-1 at 13], this Court is bound only by the Sixth Circuit precedent set forth in <u>Helm</u> and <u>Fry</u>, and accordingly, the Court finds the ALJ's determination to give non-examining physician Dr. Gedmark's 2012 opinion greater weight reasonable, notwithstanding the fact that he "only had an opportunity to review a limited portion of the evidence of record" at that time. [<u>Id.</u>]. For this reason, Plaintiff's second claim will also be denied.

### IV. CONCLUSION

For the foregoing reasons, it is ORDERED that the Plaintiff's Motion for Summary Judgment [R. 17] shall be DENIED, the Defendant Commissioner's Motion for Summary Judgment [R. 18] shall be GRANTED, and Judgment shall be entered affirming the final decision of the Commissioner of Social Security.

Signed February 26, 2016.

Signed By:
*Edward B. Atkins* *EBA*
United States Magistrate Judge